Welch, C. J.
We think the court of common pleas erred in dismissing the petition in error. The entering of bail for stay of execution did not operate as a release of errors. In Nealy v. Sexton (Wright, 314) it was held that the entering of such bail was no waiver of the right of appeal. If it does not operate as a waiver of the light of appeal, it is difficult to see why it should operate, as a waiver or release of errors. The act of entering bail for-stay is not a satisfaction or affirmance of the judgment, nor necessarily inconsistent with the idea of appealing from it, or reversing it on error. The law allows ten days for the appeal, and three years for the proceeding in error. If «.the defendant, during the ten days allowed for appeal, may stay execution without waiving his right of appeal, it would seem to follow that he may, during the three years allowed for proceedings in error, stay execution without waiving his right to such proceedings in error. Ef the law implies a condition in the bond for stay, to the effect that it shall not be operative in case the judgment is vacated by appeal, there is no good reason why it should not imply a condition that *295 it shall not be operative in case the judgment is extinguished by reversal.
We are also of opinion that the justice of the peace-erred in rendering judgment against the defendant for liis. own costs. The plaintiff had no right to recover the costs made by the defendant. Non constat but that the defendant, had paid his own costs as the case proceeded. The payment of his costs was a matter exclusively between himself and the parties entitled thereto, and the defendant had a right to make his own terms' with them as to the time- and manner of payment. That it is error to render judgment in favor of either party for the costs made by the adversary party, was held in Bliss v. Long, 5 Ohio, 276. This, decision was made in 1831, and was in effect subsequently affirmed, and declared to be the law, .by the act of March 9, 1835 (S. & 0. 643, sec. 2), which provides that “ the costs-of the party recovering only, together with his debt or-damages, shall be carried into the judgment.” The judgment here was in violation of this express provision, and is erroneous.

Judgment reversed.